UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Lonnie Lee Banark,<br><br>    Plaintiff<br><br>v.<br><br>Adams, et al.,<br><br>    Defendant | 2:15-cv-02505-JAD-CWH<br><br>**Order Granting Application to Proceed *In Forma Pauperis*, Denying Motion for Appointment of Counsel, and Ordering Petitioner to Show Cause Why This Case Should Not Be Dismissed for Failure to Exhaust**<br><br>[ECF 1, 2] |

Petitioner Lonnie Lee Banark brings this 28 USC § 2254 petition to challenge his Nevada state court conviction and sentence for driving under the influence.[1] Banark has also submitted an application to proceed *in forma pauperis* and motion for appointment of counsel. I grant Banark's IFP application, screen Banark's petition under Rule 4 of the rules governing § 2254 cases in district courts, deny Banark's motion for appointment of counsel, and order Banark to show cause by April 28, 2016, why his petition should not be dismissed for failure to exhaust his state court remedies.

**Discussion**

**A.    Rule 4 screening**

At the outset, I note that Banark provides confusing information about the exhaustion of state court remedies for his habeas claims. He indicates that he filed a habeas petition in state district court but that he did not raise the issues in his federal habeas petition.[2] He also appears to claim that the Nevada Supreme Court has rejected his filings and that he does not see any reason to pursue another post-conviction proceeding because "elected officials don't like to admit errors during their elected term."[3] However, the Nevada Supreme Court's online records show that Banark has a

---

[1] ECF 1-1.

[2] *Id.* at 6.

[3] *Id.*

pending post-conviction petition, case number 69332, with briefing in progress.[4]

A federal habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal court.[5] The exhaustion requirement ensures that the state courts will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees.[6] To satisfy the exhaustion requirement, a petitioner must fairly present his claims to the state's highest court.[7] Fair presentation requires that a petitioner (1) identify the federal legal basis for his claims and (2) state the facts entitling him to relief on those claims.[8] A petitioner must alert the state court to the fact that he is asserting a federal claim;[9] mere similarity between a state-law claim and a federal-law claim is insufficient.[10]

It does not appear from Banark's petition that he has fairly presented any of his habeas claims to the state court to satisfy the exhaustion requirement. I therefore order Banark to show cause by **April 28, 2016**, why his petition should not be dismissed without prejudice for lack of exhaustion

**B.    Motion for appointment of counsel**

Banark also requests court-appointed counsel.[11] There is no constitutional right to counsel for a federal habeas corpus proceeding.[12] The district court has discretion to appoint counsel if the "interests of justice require representation," and the court must appoint counsel if the case is so

---

[4] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=37543

[5] 28 U.S.C. § 2254(b)(1)(A).

[6] *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

[7] *See, e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Yang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).

[8] *See Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

[9] *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995).

[10] *See Henry*, 513 U.S. at 366; *see also Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).

[11] ECF 2.

[12] *Penn. v. Finley*, 481 U.S. 551, 555 (1987).

complex that denial of counsel would amount to a denial of due process, or the petitioner has such limited education that he is incapable of fairly presenting his claims.[13]

Banark's petition sufficiently presents the claims that he wishes to bring, and the issues in this case are not particularly complex, so I deny Banark's motion for appointment of counsel.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for leave to proceed *in forma pauperis* **[ECF 1] is GRANTED**.  The Clerk of Court is instructed to **FILE the habeas petition** and attachments.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel **[ECF 2] is DENIED.**

IT IS FURTHER ORDERED that **petitioner must show cause in writing by April 28, 2016, why his petition should not be dismissed without prejudice for complete lack of exhaustion**.  If petitioner contends that any claims in the petition have been exhausted, petitioner must attach to his response copies of all papers that were accepted for filing in the state courts, which he contends demonstrate that the claims are exhausted.  All factual assertions must be specific and supported by competent evidence.

If petitioner does not timely and fully respond to this order, or does not show adequate cause as required, the entire petition will be dismissed without further notice.[14]  No extensions of time to respond to this order will be granted absent extraordinary circumstances.

Dated this 28th day of March, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[13] *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (1986), *cert. denied*, 481 U.S. 1023 (1987).

[14] This order does not explicitly or implicitly hold that the petition is otherwise free of deficiencies.