UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Lonnie Lee Banark,

    Petitioner

v.

Adams, et al.,

    Defendants

2:15-cv-02505-JAD-CWH

**Order Denying Motion for Stay and Abeyance, Dismissing Petition without Prejudice, and Closing Case**

[ECF Nos. 5, 8]

On March 28, 2016, I ordered § 2254 petitioner Lonnie Lee Banark to show cause why this action should not be dismissed without prejudice for lack of exhaustion.[1] I also noted that online court records revealed that Benark currently has a post-conviction petition pending in the Nevada Supreme Court.[2] On April 20, 2016, Banark filed a motion for stay and abeyance of this proceeding until the Nevada Supreme Court decides his currently pending appeal.[3] Because Banark has not demonstrated good cause for not first exhausting his remedies in state court, I deny his motion for stay and abeyance and dismiss this petition without prejudice to its refiling once he has exhausted his claims in state court.

**Discussion**

A district court has discretion to stay a mixed or wholly unexhausted petition to allow a petitioner time to present his or her unexhausted claims in state court if the petitioner can show good cause for failing to first exhaust his state-court remedies before proceeding in federal court.[4] The good-cause requirement is normally satisfied if the stay is to protect the petitioner from losing the opportunity for federal review of his claims due to the expiration of the one-year filing period under

---

[1] ECF No. 4.

[2] *Id.* at 1–2.

[3] ECF No. 8.

[4] *Rhines v. Weber*, 544 U.S. 269, 276–77 (2005).

28 U.S.C. § 2244(d).

Banark timely appealed his conviction, and the Nevada Supreme Court affirmed on July 21, 2015.[5] On August 10, 2015, Banark filed his state habeas petition.[6] The state district court denied Banark's petition, and he timely appealed to the Nevada Supreme Court.[7] The Nevada Supreme Court has not issued a final decision on that appeal. Because Banark properly filed his petition for state post-conviction review *before* his conviction became final for § 2244(d) purposes, his one-year federal filing period has not commenced—and will not commence—until the Nevada Supreme Court renders a final decision and issues a remittitur in that case.[8]

Banark does not indicate why he did not first exhaust his state-court remedies before filing this action. To the extent Banark views his federal petition as a protective petition to ensure compliance with § 2244(d)'s limitations period, protective petitions are only necessary when there is "reasonable confusion about whether a state filing would be timely."[9] For petitioners who have no reason to doubt that their claims are properly pending—unexhausted—in state court, the early filing of federal petitions serves no discernible purpose.

Barring unforeseen circumstances, Banark will have plenty of time to file his federal petition once his state-court proceedings have concluded. In the absence of any legitimate or reasonable concern about the timeliness of his federal habeas action, Banark cannot demonstrate good cause for not first exhausting his claims in state court. I therefore deny Banark's motion for stay and abeyance, dismiss this petition without prejudice to its refiling once he has exhausted his remedies in state court, and close this case.

---

[5] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=33071.

[6] ECF No. 5 at 1.

[7] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=37543.

[8] *See* 28 U.S.C. § 2244(d)(2).

[9] *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *see also Rudin v. Myles*, 781 F.3d 1043, 1059 (9th Cir. 2015).

**Conclusion**

Accordingly, **Banark's petition [ECF No. 5] is DISMISSED without prejudice, his motion for stay and abeyance [ECF No. 8] is DENIED, and I decline to issue a certificate of appealability.**

The Clerk of Court is directed to serve a copy of the petition and this order on the respondents via the Attorney General, enter judgment accordingly, and CLOSE THIS CASE.

Dated this 6th day of June, 2016.

_____
Jennifer A. Dorsey
United States District Judge